Gibbs v State Farm Fire & Cas. Co. (2019 NY Slip Op 06918)





Gibbs v State Farm Fire & Cas. Co.


2019 NY Slip Op 06918


Decided on September 27, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, CARNI, TROUTMAN, AND WINSLOW, JJ.


826 CA 18-01253

[*1]PAULA L. GIBBS, PLAINTIFF-APPELLANT,
v
STATE FARM FIRE AND CASUALTY COMPANY, DEFENDANT-RESPONDENT. (APPEAL NO. 1.) 






PAULA L. GIBBS, PLAINTIFF-APPELLANT PRO SE. 
MURA & STORM, PLLC, BUFFALO (ROY A. MURA OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (John F. O'Donnell, J.), entered May 18, 2018. The order denied the motion of plaintiff for a stay of all proceedings. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this action seeking damages for breach of a homeowner's insurance policy, plaintiff appeals in appeal Nos. 1 and 2 from orders that denied her respective motions for a stay of further proceedings, including the scheduled retrial on damages. In appeal No. 3, plaintiff appeals from an order denying her motion to vacate an order that dismissed the action upon her default for failure to appear at the retrial. Contrary to plaintiff's contention in appeal Nos. 1 and 2, we conclude that Supreme Court did not abuse its discretion in denying her motions for a stay (see CPLR 2201). Contrary to plaintiff's contention in appeal No. 3, we conclude that the court did not err in denying her motion to vacate the default order (see CPLR 5015 [a]). We have considered plaintiff's remaining contention and conclude that it does not provide a basis to reverse or modify the orders in appeal Nos. 1-3 in this action.
Entered: September 27, 2019
Mark W. Bennett
Clerk of the Court